The following constitutes
the order of the court. Signed April 3, 2014

_____
M. Elaine Hammond
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 12-47945 MEH |
| Richard Gonzales, Jr. and<br>Deanna Mechelle Gonzales, | Chapter 7 |
|                Debtors/ | |
| Landmark Home Mortgage, Inc., | Adv. No. 12-04242 AH |
|                Plaintiff | |
| v. | |
| Richard Gonzales, Jr. and<br>Deanna Mechelle Gonzales, | |
|                Defendants/ | |

MEMORANDUM DECISION

On December 3 and December 4, 2013, the court held a trial on Plaintiff's Complaint to determine whether Plaintiff's claim against Defendants should be exempt from discharge pursuant to 11 U.S.C § 523(a)(2) or (a)(6)[1]. The court issued a Memorandum Decision and a Judgment on December 23, determining that Plaintiff's claim was discharged.

Plaintiff timely filed a motion for reconsideration pursuant to FRBP 9023 and 9024, incorporating FRCP 59(e) and 60 respectively. Plaintiff asserts that the court's decision should be altered or amended on the basis that: (1) the court did not take into consideration evidence not available at the time of trial; (2) the

---
[1] Hereinafter "§ 523(a)."

1

court committed clear error in not applying issue preclusion to the state court default judgment obtained against Defendant Richard Gonzales prior to the bankruptcy (the "Default Judgment"); and (3) the court committed clear error in finding that Richard Gonzales lacked the requisite knowledge and intent for nondischargeability pursuant to § 523(a)(2).

## I. New Evidence

A motion to alter or amend a judgment under Fed. R. Civ. Pro. 59(e)[2] may be granted on one of four grounds:

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Amending a judgment after its entry is "an extraordinary remedy which should be used sparingly." *Id*. A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

It is appropriate to alter or amend a judgment if the court is presented with newly discovered evidence. *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2011). The standard for introduction of new evidence post-trial is provided in Rule 60(b), which allows the consideration of newly discovered evidence that, with reasonable diligence, could not have been discovered previously. By Plaintiff's own admission, Plaintiff maintained the purchase agreement in its file at the time of trial. As such, amendment of judgment is not appropriate on this basis.

## II. Issue Preclusion

The Memorandum Decision stated that the court found that the Default Judgment was not issue preclusive as to the determination of nondischargeability. Plaintiff asserts that the court's finding constitutes

---
[2] Hereinafter "Rule 59(e)."

2

clear error. The court disagrees but notes that the issue preclusion analysis provided in the Memorandum Decision is incomplete. It is for this reason that the court provides the following issue preclusion analysis.

Plaintiff obtained the Default Judgment against Richard Gonzales on a complaint asserting four claims: money had and received, unjust enrichment, fraud and unfair business practices. Only the fraud claim is relevant to the determination of dischargeability. The transcript of the prove-up hearing before the state court provides that the fraud claim is based upon theories of aiding and abetting EZ Land Funding's ("EZ Land") fraud, and the tort of another. As such, the issue is whether the Default Judgment is issue preclusive for Plaintiff's claim that the debt should be exempted from discharge pursuant to § 523(a)(2) for fraud in the inducement or § 523(a)(6) for willful and malicious injury by the debtor to another entity in light of the state court's application of the above theories.

> Under California law, issue preclusion may apply if the following elements are met:
> (1) The issue sought to be precluded from re-litigation must be identical to that decided in a former proceeding; (2) The issue must have been actually litigated in the former proceeding; (3) It must have been necessarily decided in the former proceeding; (4) The decision in the former proceeding must be final and on the merits; and (5) The party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

*In re Younie*, 211 B.R. 367, 373 (B.A.P. 9th Cir. 1997), *affirmed*, 163 F.3d 609 (9th Cir. 1998).

Three of the five requirements for issue preclusion are satisfied: California courts have held that a default judgment may satisfy the "actually litigated" requirement. *Id.* at 375. The Default Judgment was not appealed and is now final. And, Plaintiff and Richard Gonzales were parties to the state court action and this adversary proceeding. So, the remaining issues are whether identical issues were presented and necessarily decided in the state court action.

///

///

///

3

**(A) Application to 523(a)(6):**

(1) <u>State Court Determination of Liability</u>

Section 523(a)(6) exempts from discharge a debt for "willful and malicious injury by the debtor to another entity or to the property of another entity." Willfulness and malice must be found separately. *Carrillo v. Su* (*In re Su*), 290 F.3d 1140, 1146-47 (9th Cir. 2002) (remanding where trial court conflated two prongs of analysis).

Willfulness requires a "subjective intent to harm, or a subjective belief that harm is substantially certain." *Id*. at 1144-45. As the Supreme Court held in *Kawaauhau v. Geiger*, "nondischargeability takes a deliberate or intentional injury, not merely … a deliberate or intentional act that leads to injury." 523 U.S. 57, 118 S. Ct. 974, 975 (1998). The subjective standard is applied so as to exclude from § 523(a)(6) debts incurred by reckless behavior. *In re Su*, 290 F.3d at 1146.

The state court awarded the Default Judgment against Richard Gonzales for fraud on a theory of aiding and abetting liability. A defendant may be found to have engaged in fraud by aiding and abetting liability

> if the person (a) knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so act or (b) gives substantial assistance to the other in accomplishing a tortious result and the person's own conduct, separately considered, constitutes a breach of duty to the third person.

*Saunders v. Superior Court*, 27 Cal. App. 4th 832, 846 (Cal. Ct. App. 1994).

During the state court prove-up hearing, the court specifically asked counsel how his client had personal knowledge to testify that each of the defendants "knew about the other such that they were aiding and abetting each other as opposed to some mastermind . . . telling them what to do so that they're not connected in aiding and abetting each other[.]" Exhibit 49, *Reporter's Transcript of Proceeding*, October 31, 2011, p. 13, lines 20-26. Plaintiff responded that "the case law states that if you received a benefit financially from it you're assumed to have knowledge of the scheme." *Id.* at p. 13, line 27 and p. 14, line 1. This exchange makes clear that Plaintiff established Mr. Gonzales' liability based on intentional acts that led to

4

injury. Mr. Gonzales' assumed knowledge of the scheme is an objective standard for liability. Under similar circumstances, the Ninth Circuit has rejected nondischargeability claims under § 523(a)(6). For instance, the Ninth Circuit found in *In re Su* that a willful injury was not established where the bankruptcy court determined "'by [an] objective standard, a substantial certainty' of harm when Su drove his van through a red light at an intersection known to be heavily congested with traffic." *In re Su*, 290 F.3d at 1142.

Contrast this with findings establishing a subjective intent to cause harm. In *Petralia v. Jercich* (*In re Jercich*), 238 F.3d 1202 (9th Cir. 2001), the Ninth Circuit found specific findings of the state court, following a bench trial, satisfied the willfulness requirement. Specifically, the state court's factual findings in *Jercich* were that the defendant knew he owed wages to plaintiff and that injury to plaintiff was substantially certain to occur if the wages were not paid; and defendant had the clear ability to pay wages, yet chose to use the money for his own personal benefit. *Id*. at 1208-09. Here, the Default Judgment obtained by Plaintiff contains no findings, and so, the more stringent subjective requirement essential for § 523(a)(6) is not established.

(2) <u>State court award of exemplary damages</u>

Plaintiff next argues that there can be no discharge of exemplary damages. Plaintiff requested and obtained an award of $10,000 in exemplary damages against Richard Gonzales. Again, the Default Judgment contains no specific findings regarding the basis for this award. Thus, the issue presented is whether an award of exemplary damages is sufficient to establish nondischargeability pursuant to § 523(a)(6) without further findings.

Pursuant to California Civil Code § 3294(a) [3], exemplary damages may be awarded where oppression, fraud or malice are established. Subsection 3294(c) provides the following definitions:

(1) "Malice" means conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others.

---
[3] Hereinafter "§ 3294."

5

(2) "Oppression" means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights.

(3) "Fraud" means an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury.

Cal. Civ. Code § 3294.

For purposes of § 523(a)(6), a malicious injury involves "(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse." *Murray v. Bammer* (*In re Bammer*), 131 F.3d 788, 791 (9th Cir. 1997). In many cases, an award of exemplary damages will be sufficient to establish the malicious element. *See, e.g.*, *In re Jercich*, 238 F.3d at 1209 (holding that a state court finding of substantial oppression was sufficient to show the injury inflicted was malicious under § 523(a)(6)). However, it does not establish the "willful" element.

The Default Judgment could have awarded exemplary damages based on malice, oppression or fraud, or some combination of the three. Since the state court did not make any findings regarding the basis of the award, we must consider whether every alternative necessarily establishes the subjective intent required to establish "willfulness." If any of the alternate grounds for exemplary damages will not establish willfulness, then an award pursuant to § 3294 does not establish nondischargeability pursuant to § 523(a)(6) -- absent additional findings by the state court. Review of the statutory language establishes that neither oppression nor malice due to despicable conduct require willful conduct determined based upon a subjective intent. *See In re Derebery*, 324 B.R. 349, 356-57 (Bankr. C.D. Cal. 2005). Again, the Default Judgment contains no findings, and therefore, does not establish nondischargeability pursuant to § 523(a)(6).

**(B) Application to § 523(a)(2):**

A creditor must demonstrate five elements to prevail on any claim arising under § 523(a)(2)(A). *See, e.g.*, *Anastas v. American Sav. Bank* (*In re Anastas*), 94 F.3d 1280, 1284 (9th Cir. 1996). The five elements, each of which the creditor must demonstrate by a preponderance of the evidence, are:

6

> (1) the debtor made the representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the creditor; (4) that the creditor relied on such representations; (5) that the creditor sustained the alleged loss and damage as the proximate result of the representations having been made.

*American Express Travel Related Servs. Co. v. Hashemi* (*In re Hashemi*), 104 F.3d 1122, 1125 (9th Cir. 1996).

The findings necessary for aiding and abetting liability are distinct from the requirements for nondischargeability pursuant to § 523(a)(2). Specifically, a determination of aiding and abetting does not include or require a finding that the defendant knowingly made false representations with the intention and purpose of deceiving the creditor (§ 523(a)(2)(A)), or that the debtor caused a materially false representation to be made with the intent to deceive (§ 523(a)(2)(B)). So, issue preclusion does not apply as the issues were not identical nor necessarily decided in the issuance of the Default Judgment.

### III. Fraud by EZ Land Funding

Plaintiff asserts that the court further erred by not properly attributing the fraud of EZ Land to Defendants, asserting that the evidence "demonstrated the unity of the Defendants with the EZ Land Funding representatives." *Plaintiff's Motion for a New Trial* at 7, lines 22 - 24. Plaintiff's argument on this point is unclear. To the extent that Plaintiff disputes the court's factual findings regarding the credibility of the witnesses, this argument is not an appropriate basis for reconsideration. Alternatively, Plaintiff may be asserting that fraud by EZ Land is attributable to Defendants based on an agency theory. The court rejected Plaintiff's contention that they should be found to have a nondischargeable claim based upon damages resulting from EZ Land's agency relationship with borrowers other than Defendants. Further, as the 9th Circuit BAP recently recognized in *In re Huh*, for purposes of §523(a)(2), an agent's fraud may be imputed to the debtor-principal if the evidence establishes that the debtor "knew or should have known" of the agent's fraud. 2014 WL 936803, at *9 (B.A.P. 9th Cir. 2014). The court did not make such a finding here, and as such, fraudulent acts by EZ Land do not establish a claim exempt from Defendants' discharge.

///

## IV. Factual Findings

The remainder of Plaintiff's motion for reconsideration questions the court's factual findings. The court is not persuaded to change the findings set forth in the Memorandum Decision.

Accordingly, the motion for reconsideration is denied.

**END OF MEMORANDUM DECISION**

COURT SERVICE LIST

Julie B. Gustavson
Law Office of Julie B. Gustavson
3013 Douglas Blvd. #200
Roseville, CA 95661

<u>Via ECF:</u>

All Recipients